NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAHEEM H. BROWN, | : | |
| Plaintiff, | : | Civil No. 14-5697 (JBS) |
| v. | : | |
| HON. JUDGE DONIO, et al., | : | **OPINION** |
| Defendants. | : | |

**APPEARANCES:**

Raheem H. Brown, *Pro Se*
222987
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE, Chief Judge**

Plaintiff, Raheem H. Brown, incarcerated at the Atlantic County Justice Facility, Mays Landing, New Jersey seeks to bring this action *in forma pauperis* ("IFP"). Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint must be dismissed.

<u>BACKGROUND</u>

Plaintiff seeks to sue three state court judges sitting in Atlantic County (Judge Donio, Judge Michael Connor, and Judge Kyran Connor), three Atlantic County prosecutors (Julie Horowitz, Jason Wertzberger, and James McClain) and the Atlantic County vicinage Drug Court Coordinator (Celeste Goodson). (Complt., Attachment, Statement of Claims).  Plaintiff asserts that the defendants should have moved his case from Atlantic County to Cumberland County, his county of residence, and that they should not have denied him the opportunity to have his case heard in drug court. Plaintiff claims the judges denied him his constitutional rights and that his case has been "tampered with by the whole Atlantic County criminal system." (Complt., Attachment, Statement of Claims). He argues that his denial of entry to drug court was based on bias and "bogus charges." (*Id.*).

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, and asks that this Court "move [this] case to another venue and resubmit [his] drug court application." (Complt., ¶ 5).

2

## DISCUSSION

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient

---

[1]    "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## 2.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must

Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

allege, first, the violation of a right secured by the Constitution

or laws of the United States and, second, that the alleged deprivation

was committed or caused by a person acting under color of state law.

*SeeWest v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641

F.3d 560, 563 (3d Cir. 2011).

### 3.    Judicial and Prosecutorial Immunity

Plaintiff seeks to sue three judges and three prosecutors in

this action.  However, these defendants are immune to suit under §

1983.

First, as to the Defendant Judges, "[i]t is a well-settled

principle of law that judges are generally 'immune from a suit for

money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir.

2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "A judge will

not be deprived of immunity because the action he took was in error,

was done maliciously, or was in excess of his authority." *Stump v.*

*Sparkman*, 435 U.S. 349, 356 (1978). Furthermore, "[a] judge is

absolutely immune from liability for his judicial acts even if his

exercise of authority is flawed by the commission of grave procedural

errors." *Id.* at 359.

Judicial immunity also extends to suits brought under 42 U.S.C.

§ 1983.  *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967). "[Judicial]

immunity is overcome in only two sets of circumstances." *Mireles*,

502 U.S. at 11–12. "First, a judge is not immune from liability for

nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.*   In determining whether an act qualifies as a "judicial act," courts looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Plaintiff alleges that the judges in his case improperly denied him a change of venue and the opportunity for his case to be heard in drug court. Plaintiff does not allege that these actions were taken outside of the Defendant Judges' judicial capacity, nor that the Judges acted without jurisdiction.   As such, the Complaint must be dismissed as to Defendant Judges Donio, M. Connor, and K. Connor.

Second, with regard to the Defendant Prosecutors, in *Imbler v. Pachtman,* 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," *id.* at 430–31, including use of false testimony and suppression of evidence favorable to the defense by a police fingerprint expert and investigating officer. Since *Imbler,* the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears

in court to present evidence in support of a search warrant application." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted). The Court of Appeals for the Third Circuit recently confirmed prosecutorial immunity in § 1983 actions in *LeBlanc v. Stedman*, 483 F. App'x 666 (3d Cir. 2012).

Plaintiff alleges that the Defendant Prosecutors improperly denied him access to drug court as well as a change of venue. As this sort of alleged misconduct consists of acts taken in their role as advocates for the state, the § 1983 claims against the Defendant Prosecutors Horowitz, Wertzberger, and McClain will be dismissed on the ground of absolute immunity.

**4.   Claim against Court Administrator**

Plaintiff asserts that the Drug Court Coordinator, Defendant Celeste Goodson, denied him access to drug court based on bias and bogus charges in violation of his constitutional rights.

The Court of Appeals for the Third Circuit has extended quasi-judicial immunity to court clerks who are alleged to have acted incorrectly or improperly in carrying out their official duties. *See, e.g., Wicks v. Lycoming Co.*, 456 F. App'x 112, 115 (3d Cir. 2012) (finding that court administrator was entitled to absolute immunity for transferring case from one judge to another); *Wallace v. Abell*, 217 F. App'x 124 (3d Cir. 2007) (holding Clerk of Court absolutely immune from a suit for damages for discretionary acts, and that court

7

personnel are qualifiedly immune for nondiscretionary acts such as entering orders and notifying parties); *see also Alfred v New Jersey*, 2013 WL 4675536 (D.N.J. Aug. 29, 2013)(slip copy)(holding that Court Administrator is entitled to "at least" qualified immunity for his authorization of an arrest warrant issued by a judge, as the action is "integral to the judicial function and within the responsibility assigned to court personnel").

Likewise, in this case, Defendant Goodson's action in denying a transfer to drug court appears integral to the judicial function and within the responsibility assigned to court personnel, and this Defendant should be entitled to at least, qualified immunity.

## 5.   Abstention

To the extent Plaintiff's Complaint seeks this Court's intervention in his state prosecution, such intervention is unwarranted under the doctrine of abstention. The doctrine has developed since *Younger v. Harris*, 401 U.S. 37 (1971), and it "espoused a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).[2] This Court will not interfere

---

[2]   This Court also notes that if Plaintiff is convicted, he may not challenge the fact or duration of his confinement by means of an action under § 1983; rather he must exhaust his state remedies and then, if appropriate, file a federal habeas application. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Nor can he seek monetary

with Plaintiff's ongoing state court criminal matter, as Plaintiff

has shown no extraordinary circumstances for doing so.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint must be

dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and

§ 1915A(b)(1) and (2), for seeking relief from immune defendants and

for failure to state a claim upon which relief may be granted.  An

appropriate Order follows.


                                    s/ Jerome B. Simandle
                                    JEROME B. SIMANDLE, Chief Judge
                                    United States District Court
Dated:  **October 8, 2014**

---

relief under § 1983 if this Court's adjudication would call into
question the validity of his criminal conviction, unless his
conviction first has been overturned on appeal or in state or federal
collateral proceedings. *See Heck v. Humphrey*, 512 U.S. 477 (1994).